# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 03-CR-10071-T |
| ) | |
| ) | |
| JOE DAVID SLOAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER FOR COMMITMENT OF DEFENDANT FOR TREATMENT

Defendant Joe David Sloan wax examined pursuant to 18 U.S.C. § 4241 to determine whether defendant is competent to understand the legal process, make rational decisions, and assist in his defense. The court ordered pursuant to 18 U.S.C. § 4247 that a psychiatric or psychological examination of defendant be conducted at an appropriate medical facility to determine defendant's competency to stand trial. On June 28, 2005, the Warden of the U.S. Medical Center for Federal Prisoners at Lexington, Kentucky, filed a forensic mental health evaluation concerning defendant. In that forensic report, Karen Millner, Psy.D., Forensic Psychologist, stated "In the opinion of the undersigned evaluator, it appears Mr. Sloan **is** currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. Thus, in the opinion of the undersigned evaluator, Mr. Sloan is **not** currently competent to stand trial. Further, it is the opinion of the examiner, if Mr.

Sloan is committed for treatment under the provisions of Title 18, United States Code, Section 4241(d), there is a substantial probability he will attain the capacity to permit trial to proceed in the foreseeable future. It is recommended, should the Court find him incompetent to stand trial, Mr. Sloan undergo a period of treatment aimed at restoring his competency and further assessing his mental condition, thereby establishing a firmer clinical foundation from which to evaluate his mental state at the time of the alleged offense."

Therefore, it is hereby ordered that the defendant be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d). The Attorney General shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed, and for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed, or the pending charges against him are disposed of according to law, whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition is not so improved as to permit the trial to proceed, the defendant will be subject to the provisions of 18 U.S.C. § 4246.

The Attorney General, through his authorized representative at an appropriate federal medical facility, will advise the court within four (4) months as to whether there is a substantial probability that defendant will attain the capacity to permit the trial to proceed in the foreseeable future. Further, the Attorney General will make a recommendation to the court

2

concerning whether additional treatment will result in defendant attaining the capacity to permit the trial to proceed.

    IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

23 August 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 137 in case 1:03-CR-10071 was distributed by fax, mail, or direct printing on August 24, 2005 to the parties listed.

---

David W. Camp
LAW OFFICES OF DAVID CAMP, PLLC
403 N. Parkway
Jackson, TN 38305

James W. Powell
U.S. ATTORNEY'S OFFICE
109 S. Highland Ave.
Ste. 300
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT